IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TROY NIX                                                                                           PETITIONER

V.                                                                              3:17-cv-00754-WHB-JCG

BILLY SOLLIE                                                                                   RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Troy Nix ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 10). At the time the Petition was filed, Nix was a pretrial detainee housed at the Lauderdale County Detention Facility in Meridian, Mississippi. Petitioner has since entered a guilty plea and been sentenced to two years with credit for time served (ECF No.14-1). Respondent Billy Sollie, the Sheriff of Lauderdale County, Mississippi, filed a Motion to Dismiss (ECF No. 13), asserting that the Petitioner requested an unavailable remedy. Respondent then filed a Supplement to the Motion to Dismiss (ECF No. 14), asserting that the Petition is now moot. Petitioner has not responded to the Motion to Dismiss, nor has he responded to the two orders to show cause, both of which were returned as undeliverable (ECF Nos. 16 & 18). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss be granted.

## BACKGROUND

Petitioner was arrested in Lauderdale County in January 2017 on charges of

grand larceny (ECF No. 13). In his Petition for Writ of Habeas Corpus originally filed on September 19, 2017, he challenged his pretrial detention (ECF No. 1). However, because his pleading did not conform to the statute, the Court ordered Petitioner to complete the form for a § 2241 Petition (ECF No. 9). On December 13, 2017, Petitioner filed the correct form, challenging his pretrial detention based on the length of time and lack of evidence (ECF No. 10). He asked to be found not guilty on the charge of grand larceny (ECF No. 10).

However, according to the Respondent, Petitioner was indicted in October 2017 in the Lauderdale County Circuit Court (ECF No. 13), and *capias* was served on November 17, 2017 (ECF No. 13-2). Although Petitioner originally pled not guilty (ECF No. 13), he changed his plea to guilty (ECF No. 14). His plea was accepted on February 8, 2018, and he was sentenced to two years as a habitual offender with credit for the 395 days he had already served (ECF No. 14-1).

Respondent originally moved to dismiss this Petition on January 12, 2018, arguing that Petitioner was attempting to derail the state court proceedings and prematurely litigate constitutional claims in federal court (ECF No. 13). A month later, Respondent filed a Supplement to the Motion to Dismiss with evidence of the guilty plea and sentencing (ECF No. 14). Therefore, Respondent moved that the Court dismiss the Petition as moot.

Because Petitioner had not responded to the Motion to Dismiss, the Court issued an Order to Show Cause on May 21, 2018, requiring Petitioner to respond to the Motion on or before June 4, 2018. (ECF No. 15). The Order warned Petitioner

that if he did not file a timely response, his petition could be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure (ECF No. 15). The Order was mailed to the Petitioner at his last known address, but it was returned as undeliverable (ECF No. 16).

After Petitioner failed to respond to the first Order to Show Cause, a second Order to Show Cause was issued on June 26, 2018 (ECF No. 17). It required the Petitioner to respond to the Motion to Dismiss on or before July 10, 2018 and warned Petitioner that failure to abide by the Court's order or to notify the Court of a change of address could result in dismissal. This Order was also returned as undeliverable (ECF No. 18), and Petitioner has yet to respond to the Motion to Dismiss.

## ANALYSIS

A pretrial detainee's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citing *Fay v. Noia*, 372 U.S. 391, 430 (1963)).

Relief under § 2241 is limited. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to "enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 491; *Smith v. Hooey*, 393 U.S. 374 (1969)). If a petitioner is attempting to dismiss the indictment against him or otherwise prevent prosecution of the case against him, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* Essentially, an attempt to dismiss an indictment or prevent prosecution is an attempt to abort or disrupt, while an attempt to "force the state to go to trial," is merely an attempt to force the state to fulfill its obligation. *Id.* "[T]he former objective is normally not attainable through federal habeas corpus, [but] the latter is. *Id.*

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). When a petitioner has

4

already been released from custody, "there is no relief [a] court can grant." *Salinas v. U.S. Marshals Serv.*, 111 Fed. App'x 782, 783 (5th Cir. 2004) (citing *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982)).

In his Petition, Petitioner seeks a speedy trial. The Court can no longer grant this relief. This request has been rendered moot because Petitioner has entered a guilty plea and been sentenced. *See Elmore v. Ford*, No. 2:11-cv-256-KS-MTP, 2012 WL 1715325, at *2 (S.D. Miss. Apr. 17, 2012), report and recommendation adopted, 2012 WL 1715308 (S.D. Miss. May 14, 2012). Furthermore, to the extent that Petitioner requested to have the charges against him dropped and to be released from custody, it was an attempt "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes," which is not an available form of relief absent special circumstances. *See Dickerson*, 816 F.2d at 226.

The Petition is also subject for dismissal for failure to prosecute. Fed R. Civ. P. 41(b); *Martinez v. Johnson*, 104 F.3d 769, 772-73 (5th Cir. 1997). Petitioner has not responded to the Motion to Dismiss or the two orders to show cause. It is clear that Petitioner has abandoned this action.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Troy Nix's Petition for Writ of Habeas Corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District

Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 27th day of July, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE