**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TROY NIX**                                                                                          **PETITIONER**

**VS.**                                      **CIVIL ACTION NO. 3:17-cv-754-WHB-JCG**

**BILLY SOLLIE**                                                                   **RESPONDENT**

### OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo.  After considering the R and R[1], the other pleadings in this case, as well as relevant authorities, the Court finds the R and R should be adopted in its entirety.

### I. Discussion

In September of 2017, Troy Nix ("Nix"), who was then a pre-trial detainee at the Lauderdale County Detention Center ("LCDC"), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this Court[2] alleging that his civil rights were being violated based on the failure of the State to timely try him on charges of grand larceny. Respondent, Billy Sollie ("Sollie"), moved to

---

[1] The parties were required to file objections to the R and R on or before August 14, 2018.  No objections were filed.

[2] As Nix is proceeding pro se, the allegations in his pleadings have been liberally construed.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

dismiss the Petition on the grounds it was moot. The claim of mootness was based on the fact that after the Petition was filed, Nix was indicted on a charge of grand larceny, pleaded guilty to that charge, and had been sentenced. See [Docket Nos. 13 and 14]. Nix did not respond to the Motion to Dismiss despite having been twice ordered to show cause for his failure to respond. See Show Cause Orders [Docket 15 and 17].

On July 27, 2018, United States Magistrate Judge John C. Gargiulo entered a Report and Recommendation ("R and R") recommending that Sollie's Motion to Dismiss be granted because the Court could not grant the relief requested by Nix in his Petition. See R and R [Docket No. 19], 3 (explaining that the Court could not grant Nix's request for relief because the requested relief had been rendered moot by his later guilty plea).[3]

The Court has reviewed the R and R, to which no objections were filed, as well as the Docket and other pleadings in this case. On review, the Court agrees that Nix's Petition should be dismissed for the reasons stated by Judge Gargiulo. Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the granting of Sollie's Motion to Dismiss, and the dismissal of this case.

---

[3] To the extent Nix's Petition sought the dismissal of the state court charges against him, the Court likewise could not have granted this relief. See e.g. Brown v. Estelle, 530 F.3d 1280, 1283 (5th Cir. 1976)(explaining that relief in the form of dismissing a state court indictment or preventing the prosecution of state criminal charges is generally not obtainable through federal habeas corpus).

2

For the foregoing reasons:

IT IS THEREFORE ORDERED that the July 27, 2018, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 19], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 13] is hereby granted.

A Final Judgment dismissing this case shall be entered this day.

SO ORDERED this the 14th day of September, 2018.

    s/ William H. Barbour, Jr.
    UNITED STATES DISTRICT JUDGE